1 iYELVERTON, Judge.
This is an appeal by the State of Louisiana, Department of Social Services (DSS) from a dispositional review hearing in which the trial court rendered a judgment dividing the legal and physical custody of two minor children, placing them in the legal custody of the DSS and the physical custody of their mother. The DSS claims the trial court erred in dividing physical and legal custody of the minor|2children between it and the mother in contravention of the provisions of La. Ch.C. art. 672B as amended by Acts 1993, Nos. 634 and 866.
In April 1993 an instanter order placing the custody of two children with the DSS was issued under the authority of La. Ch.C. art. 619, which permits removal of children in need of care. The children were taken away from their mother. A few days later a continued custody order was granted to DSS under La. Ch.C. art. 627. In July the children were adjudicated children in need of care. A judgment of disposition, as required by La. Ch.C. art. 684, was entered continuing the custody of the children with the DSS until their mother could provide proof of adequate housing and day-care services.
A dispositional review hearing was held on December 14, 1993 as required by La. Ch.C. art. 702. After hearing testimony from the DSS and the mother, the trial court entered a judgment giving the mother physical custody of the children and the DSS the legal custody. This division of custody is what the DSS has appealed.

CUSTODY

The DSS claims that La. Ch.C. art. 672 prohibits the court from awarding legal custody to the DSS and physical custody to a parent. We agree.
The article, as amended by Acts 1993, Nos. 634 and 866, effective June 15 and 23, 1993, states:
A. When a child adjudicated in need of care is referred to the Department of Social Services for care and treatment, such care and treatment is to be provided by the department either through facilities and programs operated by the department or through contractual arrangements pursuant to R.S. 15:1083 and 1084 or through purchase of service arrangements for which the department provides funding, and the child shall be assigned to the exclusive custody | gof the department rather than to a particular institution or facility. The department shall have sole authority over the placement, care, treatment, or any other considerations deemed necessary from the resources that are' available for children judicially committed to the department.
B. The court shall not divide legal and physical custody of a child whenever assigning custody to a department in accordance with this Article, Article 619, 681, 700 or 716 or, any other statute or provision of law. However, the court may specify another public agency or institution having legal responsibility to provide particular services as the responsible party for certain educational or treatment services identified at the time of disposition or subsequent case review.
It is now the clear legislative will that a court shall not divide legal and physical custody of a child whenever assigning custody to the DSS in accordance with any provision of the law. We note that this amendment was passed after the case of State in Interest of M.L., 611 So.2d 658 (La.App. 4th Cir.1992), writ denied 613 So.2d 977 (La.1993) was decided which allowed the legal and physical custody of the child to be divided. That court believed that the dispositional alternatives of La. Ch.C. art. 681 permitted a court to order a combination of placement with an agency and guardianship with an individual. Article 672 as amended no longer permits a division of legal and physical custody to a department in accordance with Article 672, Article 619, 681, 700 or 716 or, any other statute or provision of law. The amendment thus underscores the principle previously stated by the article that a trial court may not split custody when at any stage of child in need care proceedings it grants legal custody to DSS. The 1993 Comment to Article 672 supports our view.
*593 The judgment of the trial court is reversed. The case is remanded for further proceedings in accordance with these views.
REVERSED AND REMANDED.