# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-336

**STATE OF LOUISIANA**

**IN THE INTEREST OF C.H.**

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ACADIA, NO. JC-3986,
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Glenn B. Gremillion,
Judges.

**REVERSED AND REMANDED.**

L. Antoinette Beard
825 Kaliste Saloom Road
Brandywine I, Room 218
Lafayette, Louisiana  70508
(337) 262-1555
Counsel for Appellant:
    State of Louisiana, Department of Social Services

James D. Landry
Attorney at Law
Post Office Box 1368
Crowley, Louisiana  70527
(337) 788-1850
Counsel for Appellee:
    E. H.

**Brett A. Stefanski**
**Attorney at Law**
**Post Office Drawer 730**
**Crowley, Louisiana  70527-0730**
**(337) 783-7000**
**Counsel for Appellee:**
  **C. H.**

**Thomas B. Harrington, Jr.**
**Attorney at Law**
**Post Office Drawer B**
**Crowley, Louisiana  70527**
**(337) 783-8580**
**Counsel for Appellee:**
  **L. T.**

SULLIVAN, Judge.

The State of Louisiana appeals the trial court's division of legal custody and physical custody of a child between the Department of Social Services and one of the child's parents. We reverse.

*Facts*

The minor, C.H., came into the custody of the Louisiana Department of Social Services (State) on October 28, 2004, by an Oral Instanter Order that was confirmed in writing the following day. Subsequently, C.H. was adjudicated a child in need of care.

Three review hearings were held on April 11, 2005, October 17, 2005, and December 5, 2005. C.H. was continued in the custody of the State at the first hearing. At the October 17 hearing, the trial court ordered that C.H. "be continued in the custody of the [State] for the next six months." However, the trial court also ordered that "physical custody of [C.H.] is placed with her father at the beginning of the Christmas school holiday in December." Thereafter, at the hearing held on December 5, the trial court again ordered that the legal and physical custody of C.H. be split, maintaining legal custody of the child with the State until February 13, 2006, but granting physical custody of the child to the father as of December 17, 2005. The trial court further ordered that the legal custody of C.H. be placed with her father on February 13, 2006.

On December 15, 2005, the State filed a "Notice of Intent to Apply for Supervisory Writs" and a "Motion and Order to Stay Pending Application for Supervisory Writs." The trial court denied the State's request for a stay. The State timely filed a writ application with this court on January 13, 2006, which was denied.

*See State of Louisiana in the Interest of C.H.,* an unpublished writ bearing docket JWC 06-47 (La.App. 3 Cir. 1/30/06). This appeal followed.

### *Discussion*

The basis of this appeal is La.Ch.Code art. 672(B) which provides in pertinent part: "The court shall not divide legal and physical custody whenever assigning custody to a department in accordance with this Article, Articles 619, 622, 627, 681, 700, or 716, or any other statute or provision of law." This court upheld the mandate of Article 672 in *N.B. v. State Department of Social Services*, 94-647 (La.App. 3 Cir. 11/2/94), 649 So.2d 591, observing that Article 672 was amended after the Fourth Circuit Court of Appeal held in *State in the Interest of M.L.*, 611 So.2d 658 (La.App. 4 Cir. 1992), *writ denied*, 613 So.2d 977 (La.1993), that the legal and physical custody of a child in the custody of the State could be divided between the State and another party. This court held: "Article 672 as amended no longer permits a division of legal and physical custody to a department in accordance with Article 672, Article 619, 681, 700 or 716 or, any other statute or provision of law." *N.B.*, 649 So.2d at 592.

The trial court's judgment assigning legal custody to the State and physical custody to the father violates the mandate of Article 672(B) and must be reversed.

### *Disposition*

The judgment of the trial court is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**REVERSED AND REMANDED.**

2